65 F.3d 175
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
CLARKE'S SHEET METAL, INC., Respondent.
 No. 93-70712.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 2, 1995.*
Decided Aug. 16, 1995.
 
 1
 Before: BROWNING, REAVLEY,** and NORRIS, Circuit Judges
 
 
 2
 MEMORANDUM***
 
 
 3
 We affirm the decision of the National Labor Relations Board ("NLRB," "Board"). Respondent has failed to establish by a "clear preponderance of the evidence," Lippincott Industries, Inc. v. NLRB, 661 F.2d 112, 114 (9th Cir.1981); see Did Bldg. Servs. v. NLRB, 915 F.2d 490, 494 (9th Cir.1990), that the ALJ's decision to credit Clark's testimony over that of Canfield was erroneous. The ALJ's determination that Clark was a credible witness is entitled to special weight. See Did Bldg. Servs., 915 F.2d at 494; NLRB v. Brooks Cameras, Inc., 691 F.2d 912, 915 (9th Cir.1982). Moreover, a review of the transcript of hearing reveals inconsistencies in Canfield's testimony which alone would have justified the ALJ's decision to reject it. The timing of Clark's discharge provides independent support for the inference that Canfield terminated Clark in response to Clark's involvement with the union. See Brooks Cameras, 691 F.2d at 915-16. Canfield's motivation for lying could be found in his desire, manifest at the hearing, to establish that he complied with federal law and his employer's mandate in all respects.
 
 
 4
 Respondent also failed to establish, either in the administrative proceedings or in its briefs to this court, that its decision to terminate Clark was not motivated by his union involvement. See NLRB v. Transp. Management Corp., 462 U.S. 393, 395 (1983); Brooks Cameras, 691 F.2d at 915. As discussed above, the ALJ expressly and permissibly determined that Canfield's testimony lacked credibility, and the Board upheld this determination. Canfield's explanation of his ultimate decision to fire Clark was even less plausible than his assertion that he was ignorant of Clark's involvement with the union at the time of the discharge. Clark's alleged history of taking unauthorized breaks was not borne out by the written record, and, indeed, Clark had actually received a written commendation for his conscientiousness and commitment to his work just six weeks prior to his termination. The Board properly upheld the ALJ's implicit determination that respondent's proffered reasons for the discharge were pretextual.
 
 
 5
 The petition for enforcement of the NLRB's order is GRANTED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 The Honorable Thomas M. Reavley, Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3